[No. 27395. Department One. August 17, 1939.]

*In the Matter of the Estate of* WILLIAM J. LAMBELL, *Deceased.*

ALBERT LAMBELL, *Individually and as Executor, Appellant,* v. THE STATE OF WASHINGTON, *by William H. Pemberton, as Supervisor of the State Inheritance Tax and Escheat Division, et al., Respondents.*[1]

[1]Reported in 93 P. (2d) 352.

*Oliver Hulback* and *Fred'k R. Burch*, for appellant.

*Robert F. Waldron, John M. Boyle, Jr.,* and *Charles Snyder,* for respondent state of Washington.

*Sweeney & Haugland* and *B. H. Camperson,* for respondents Lambell *et al.*

ROBINSON, J.—William J. Lambell, a resident of Seattle, Washington, died at the age of seventy-one years, leaving a will executed on the day of his death. By paragraph two of the will, he devised all of his real estate to his brother, Albert Lambell. Paragraph three of the will is as follows:

"Provided there is sufficient cash and bonds on hand after the payment of funeral expenses, expenses of last sickness and of administration, I direct that 60% thereof be given to, and I hereby bequeath it to, my

brother, Albert Lambell; and if the remainder of such cash and bonds be sufficient to allow $100. to each of the following persons, and $50. per person to certain other three, then I direct that such division and apportionment be made, and I hereby bequeath it to them respectively: To Albert Lambell, 60%; to Lillian Lambell, $100.; to Mrs. A. E. Lambell, $100.; to Arthur Baker, $100.; to Ellen Baker, wife of Arthur Baker, $100.; to Ernest Atherton, Jr., $100.; to Wilber Etherton, $100.; to Bryce Etherton, $100.; to Alberta Lasky, $100. (this last bequest to Alberta Lasky to be delivered to her father A. E. Lambell to be by him used for her purpose or given to her in installments as he may see fit); to Herbert Arthur Baker, $50.; to Walter Bareham Baker, $50.; to Lloyd George Baker, $50. PROVIDED, that should there not be sufficient cash and bonds to make the foregoing division in full, then and in that event each shall take a proportionate reduction; and provided further, that should there be any remainder after the specific bequests have been paid in full, then each of the said legatees shall take thereof in pro rata parts in the same manner in which they would have received the pro rata deficiency."

The supervisor of the inheritance tax and escheat division construed the will to mean that sixty per cent of the cash and bonds was given to the brother, Albert Lambell, a class B beneficiary under the provisions of the inheritance tax act, and the remaining forty per cent to the other legatees mentioned in paragraph three, class C beneficiaries under the provisions of the act, and imposed a tax accordingly. The brother, Albert Lambell, filed exceptions to the findings of the supervisor, claiming that, under paragraph three of the will, he was entitled to sixty per cent of the cash and bonds, and, in addition, sixty per cent of the remaining forty per cent. The class C beneficiaries filed a petition in opposition to the claim of the brother, Albert Lambell. After a hearing, the court overruled the exceptions of the brother, Albert Lambell, and entered an order

affirming the findings of the supervisor. The brother, Albert Lambell, as a legatee and as executor of the will, appeals.

■ Respondent state of Washington moves that the appeal be dismissed on the ground that the amount in controversy is less than two hundred dollars. The amount of the tax actually in dispute is $112.29. However, the action, which began as a proceeding to fix the amount of the inheritance taxes, became converted into one for a construction of a will, in which, the appraised value of the estate being $10,921.22, the disposition of sums greatly exceeding two hundred dollars was in controversy. The motion to dismiss the appeal is denied.

■ Respondent legatees move that the appeal by Albert Lambell, as executor, be dismissed, for the reason that the executor is not an aggrieved party. As all interested parties were before the court, there was no occasion for the executor to take either side in the controversy. The motion to dismiss the appeal by the executor, as such, is granted.

■ We have read paragraph three of the will many times, and not always with the same result. We have finally come to the conclusion that it was the intention of the testator to give Albert Lambell sixty per cent of the cash and bonds, and no more. We think that, where the testator used the words "To Albert Lambell, 60%," he was repeating the bequest already made to his brother of sixty per cent of the cash and bonds, and did not intend to give him, in addition to the sixty per cent of the cash and bonds, sixty per cent of the remaining forty per cent. The testator says:

"Provided there is sufficient cash and bonds on hand after the payment of funeral expenses, expenses of last sickness and of administration, I direct that 60% thereof be given to, and I hereby bequeath it to, my brother, Albert Lambell; . . ."

There can be no question but that, by this language, the testator intended that Albert should receive sixty per cent of the cash and bonds after the payment of funeral expenses, expenses of last sickness, etc.

" . . . and if the remainder of such cash and bonds be sufficient to allow *$100.* to each of the following persons, and *$50.* per person to certain other three, then I direct that such *division and apportionment* be made, and I hereby bequeath it to them *respectively:* . . ."

The word "remainder," without much doubt, refers to the remainder of the cash and bonds after deducting the sixty per cent bequeathed to Albert. None of the parties contends otherwise. Then, the remaining forty per cent is to be divided into shares of $100 and $50 and bequeathed "to the following named persons," respectively:

" . . . To Albert Lambell, 60%; to Lillian Lambell, $100; to Mrs. A. E. Lambell, $100.; to Arthur Baker, $100.; to Ellen Baker, wife of Arthur Baker, $100.; to Ernest Atherton, Jr., $100.; to Wilber Etherton, $100.; to Bryce Etherton, $100.; to Alberta Lasky, $100. (this last bequest to Alberta Lasky to be delivered to her father A. E. Lambell to be by him used for her purpose or given to her in installments as he may see fit); to Herbert Arthur Baker, $50.; to Walter Bareham Baker, $50.; to Lloyd George Baker, $50."

"To Albert Lambell, 60%." Sixty per cent of what? The testator does not say sixty per cent of the forty per cent. The testator had already directed that that forty per cent be divided and apportioned into shares of $100 and $50, and, as so divided, given to the "following persons." Albert Lambell is not given any of the shares. The amounts written after the names of the other legatees indicate that they are to receive shares of $100 and $50. Albert Lambell not being given any of the $100 and $50 shares into which the

whole of the forty per cent is to be divided, to what can the words "To Albert Lambell, 60%" apply?

"Provided, that should there not be sufficient cash and bonds to make the *foregoing division* in full, then and in that event *each* shall take a proportionate reduction;"

"Foregoing division," it would seem, must refer to the division of the remainder into shares of $100 and $50. "Each," in the clause "each shall take a proportionate reduction," must refer to each of the persons who take the $100 and $50 shares into which the forty per cent remainder is to be divided. As none of these shares is bequeathed to the brother, Albert Lambell, there is no provision that he shall share in any reduction.

" . . . and provided further, that should there be any remainder after the *specific bequests* have been paid in full, then each of the said legatees shall take thereof in *pro rata parts* in the same manner in which they would have received the *pro rata deficiency.*"

We think that this part of paragraph three sustains the contention that it was not the intention of the testator that Albert should share in the forty per cent remainder. It would seem impossible for him to share in any "pro rata deficiency," since, if appellant's construction be correct, he would receive a straight 60%. The remainder of the forty per cent is to be given to the legatees who would have shared in a pro rata deficiency, had there been a deficiency. Albert Lambell is not such a legatee.

It is said in appellant's brief:

"Albert Lambell is testator's nearest blood relation named in the will and by the evident intent, made the 'object of his bounty,' and as such should be favored in the construction of this will."

But it would seem that the construction made by the lower court still leaves Albert Lambell the object of the testator's bounty; for, under that construction, Albert Lambell receives $6,105.61, while the testator's nephews and nieces each receive $381.68, and his cousins, each $165.84. In any event, if there be any force in the appellant's contention in this regard, it is at least offset by the rule that, where construction is necessary, the law favors that construction which conforms most nearly to the general laws of inheritance. *In re Shumway's Estate,* 194 Mich. 245, 160 N. W. 595; *Hutchinson's Estate v. Arnt,* 210 Ind. 509, 1 N. E. (2d) 585, 4 N. E. (2d) 202, 108 A. L. R. 530; *Ellsworth College v. Carleton,* 178 Iowa 845, 160 N. W. 222; 28 R. C. L., Wills, 229, § 190.

The deceased left no issue, nor wife, nor father or mother. Lillian Lambell, a niece, is, presumably, the daughter of a deceased brother, and the three Etherton nephews are, evidently, the sons of a deceased sister. Under our general statutes of descent and distribution, if the testator had died intestate, Lillian Lambell would have been entitled to the same amount as Albert Lambell, and the Ethertons would, by representation, have been entitled, in the aggregate, to an equal amount. Rem. Rev. Stat., § 1341 [P. C. § 9847], subd. 3, and § 1364 [P. C. § 9861], subd. 3.

The order appealed from is affirmed. The respondents will recover costs against Albert Lambell.

BLAKE, C. J., JEFFERS, STEINERT, and MAIN, JJ., concur.